GROVE ET AL. v. FOUTCH.

1. JURISDICTION—INTERVENTION.
Jurisdiction does not in an intervention·depend upon the record of the
    permission to intervene.   Permission is presumed where nothing to
    the contrary appears and the court has assumed jurisdiction.
2. PRACTICE.
If the description of the property mentioned in·the petition of interven-
    tion is not sufficient to establish its identity, the objection must be
    taken by demurrer or motion.
3. PRESUMPTION OF REGULARITY.
The presumption that proceedings of the court below were regular, and
    its judgment warranted, must prevail until the contrary is shown.
4. APPEAL, DISMISSAL OF.
Where an appeal from the county to the district court was not made
    within ten days after the judgment, and no order extending the
    time in which to perfect an appeal was obtained, a motion to dis-
    miss it should be sustained.

*Error to the District Court of Mineral County.*

Mr. A. L. MOSES, Mr. J. D. PILCHER and Mr. C. M. COR-
LETT, for plaintiffs in error.

Mr. C. H. PIERCE, for defendant in error. ·

REED, P. J., delivered the opinion of the court.

Plaintiffs in error, as plaintiffs below, brought suit by at-
tachment in the county court of Mineral county against
Elsbury and E. L. Foutch, partners, and the goods in contro-
versy were levied upon under the writ and possession taken
by the sheriff on the 17th day of July, 1893.   On July 30th,
John Foutch intervened, claiming to be the owner of the
goods:   Plaintiff traversed the allegations of the petition,
and justified under the attachment.      ·

Subsequently a trial was had to the court without a jury,
resulting in·a finding and judgment ·for the intervenor· for
the possession of the goods and $48.60, damages and costs.

A motion for a new trial was made and overruled; an appeal prayed and granted to the district court on the 12th day of October, 1893.

On October 18th, the following stipulation executed by the respective attorneys, was filed: "It is hereby stipulated and agreed, in the above entitled matter, that the plaintiffs may have until October 25, 1893, in which to file an appeal bond and perfect their appeal to the District Court."

On the 23d of October the appeal bond was approved and filed in the county court.

Before the matter was reached in the district court the appellee filed a motion to dismiss the appeal; the motion was withdrawn February 6, 1894; the motion does not appear in the record; the character of it and on what based, is therefore unknown. On the 7th day of February the appellee filed a second motion to dismiss the appeal as follows:

"For cause, this intervenor says that the above named plaintiffs, the appellants herein, have failed and neglected and did fail and neglect for the period of thirty days after the approval of the appeal bond, in the county court, to file or cause to be filed in this court a transcript of the proceedings, together with the necessary papers in this said cause attached thereto and duly authenticated.

"That such failure on the part of said appellants is a violation of rule 14 of this court."

On the next day (February 9), the motion was overruled, and on the same day defendant filed his third and last motion to dismiss the appeal, the grounds being:

"That this appeal was not taken according to law, and that this, the appeal bond herein, was not filed by appellants nor approved by the county judge within ten days after judgment herein was rendered.

"That the time in which said appeal might be perfected and said bond might be filed and approved was not extended by order of said county court."

This motion was sustained and the appeal dismissed on the 27th day of February.

On the 8th day of March, plaintiffs filed a motion to reinstate the case in the district court, assigning the following reasons:

"First. The court erred in dismissing said appeal when there was a stipulation on file between counsel for appellees and appellants, allowing counsel for appellants to file their appeal bond after the expiration of the ten days.

"Second. Because, as shown by the affidavit of Albert L. Moses, hereto attached, counsel for appellees gained an inequitable and unjust advantage over counsel for appellants by reason of the facts set forth in the attached affidavit, and because the order of court dismissing the appeal, if allowed to stand, would be an encouragement to attorneys to disregard their agreements and stipulations, will destroy the confidence of the bar, and will, in very many cases, work great and unnecessary hardships upon litigants, and cause large expenditures of money which are wholly unnecessary."

On the 23d day of March the motion was overruled.

The case comes here by writ of error to the district court.

There are eleven errors assigned, of which seven are those alleged to have been committed by the county court.

It is a novel proceeding for which I can find no precedent, where an appellate court is required to review the adjudications and judgments of two courts at the same time on the same writ of error, but we will attempt to do it, and in such attempt we will take up the last assignment first.

It is "That neither the county court nor the said district court had any jurisdiction whatever to make any order or render any judgment whatever in favor of defendant in error and against the plaintiff in error."

Counsel contend that neither court had jurisdiction because it does not appear that the intervenor obtained permission of the court to intervene.

In sec. 22 of the Civil Code it is said: "An intervention takes place where a third person is permitted to become a party to an action between other parties."

I can find no statute designating the manner in which per-

mission must be obtained. In this case no objection appears to have been made either to the intervention or the petition. Jurisdiction does not in such cases depend upon the record of the permission. The permission is presumed where nothing to the contrary appears, and the court has assumed jurisdiction. This would certainly be the case when it occurred without objection and no exception was taken. It is not within the purview or the intention of sec. 55, Civil Code. The jurisdiction there referred to is as to the subject-matter of the controversy; in this case the allegations of the petition appear to be sufficient to confer jurisdiction, and in the language of the code "sufficient to constitute a cause of action."

It is also contended that the petition was fatally defective in not specifically designating and itemizing the goods claimed in the body of the petition, but doing it by a schedule attached to the petition.

It is true that the attached schedule is not regarded as a part of the pleading, but is only used as a matter of convenience, and that the sufficiency of the pleading depends upon the allegations contained. In the petition occurs the following: "That the said merchandise to which reference is made in this petition of intervention included all the goods and chattels returned by the sheriff in his pretended writ of attachment herein." A description of the property need only be to establish its identity. This appears to have been done by the paragraph cited. If not sufficient the objection should have been taken by demurrer or motion.

The other supposed errors occurring in the county court can be very briefly disposed of; they are general, in effect that the court erred in rendering judgment for the intervenor instead of plaintiffs.

1st. There was no objection to the judgment nor exception taken.

2d. There is no bill of exceptions from that court, consequently nothing that we can review or upon which we can base a guess as to who was the owner of the property in question.

The presumption of law is, that proceedings are regular and judgments warranted, and such presumption must prevail unless the contrary is shown.

The supposed error in the district court consisted in dismissing the plaintiffs' appeal and disregarding the stipulation of counsel. That the appeal was not perfected within the time allowed by statute is conceded.

By sec. 1086, Mills, An. Stats., it is provided, no appeal shall be allowed in any case unless the following requisites be complied with : "First. The appeal must be made within ten days after the judgment * * * *Provided however, That the county court may, at any time within the period above limited, upon good cause shown extend the time for an appeal.*"

No application for an extension of time was made or cause shown, which were prerequisites; without such application and action the court was powerless to act; its action could only be invoked by compliance with the statute which controlled the court as absolutely as it did counsel. The application and cause for the extension must have been of record, and, if granted, an order entered of record extending the time. No such action having been taken nor the time extended the district court had no discretion in the matter and could only dismiss the appeal. The error appears to have been that of counsel, in failing to recognize the court as an important factor in the proceeding.

The motion of plaintiffs' counsel, supported by affidavit asking the district court for a rehearing on the motion to dismiss the appeal, is more in the domain of ethics than law, but contained a strong argument for the enforcement of professional contracts, which no doubt appealed strongly to the moral sense of the court, and he probably had no desire to encourage attorneys to disregard their agreements and stipulations; but the question was one of law, not of morals; hence, the court, being as powerless to give relief asked by the motion in the interests of morality and public policy as to override and abrogate the statute, was compelled to deny it. Courts can only take cognizance of professional bad faith

when the subject is brought to the attention of the court in some manner authorized by law or practice.

The judgment of the district court dismissing the appeal will be affirmed.

*Affirmed.*